## TRUSTEES OF COLLEGE POINT v. DENNETT.

*Eminent domain — Measure of damages — Evidence.*

Upon an appraisal of a pond, taken as a source of water supply for a village *held*, that the owner was entitled to show upon the question of value that there was not a pond within a radius of six miles that could be made a source of supply for cities or villages. The measure of value was not limited to its use as a mill or ice pond, but the owner was entitled to receive its value for any use.

APPEAL by Albion K. P. Dennett, and others, from an order at special term confirming the report of commissioners of appraisal in proceedings to acquire title to the lands of the appellants.

The proceedings mentioned were taken under the provisions of chap. 609 of the Laws of 1873, which is entitled "An act to provide for supplying the village of College Point, Queens county, with pure and wholesome water." By that act the trustees were authorized to acquire real estate for the purpose named, and to institute proceedings therefor, when the necessary property could not be obtained by agreement. In pursuance of this authority, proceedings were instituted to acquire an easement in a pond of water owned by appellants, and known as Kissena Lake, and commissioners of appraisal were appointed to ascertain the value of such easement. The commissioners examined the premises, heard the parties, and the witnesses produced, and, on the 20th day of November, 1873, made their report, awarding the sum of $4,000 to the appellants. During the taking of the testimony appellants offered to show the value of the pond as a source of water supply for cities or villages, and asked a preliminary question to show that but one other pond suitable for such a supply existed within the radius of six miles. This was objected to on the ground that no evidence of

the value of the pond for such a purpose was competent, which objection was sustained.

*L. Bradford Prince,* for appellants.

*E. B. Hinsdale,* for respondents.

BARNARD, P. J.   We think the commissioners erred in rejecting the evidence offered by the land owners, as to there being no other pond, except the one in question, within a radius of six miles, which could be made a source of supply for cities or villages. It was not offered for the purpose of showing that the applicants improperly selected the pond in question, but upon the question of value.

It was not for the applicant to limit the value of the pond proposed to be taken, as a mill pond or as an ice pond.   If it had a value for any purpose, in excess of values for such purposes, it would be the right of the land owners to receive such value by the award of the commissioners.

For the purposes of this appeal, we must assume that the value was greater as a fresh water pond to supply water for villages, than for any other purpose.   Such being the case, the commissioners proceeded upon an erroneous principle, and their report must be set aside and a new appraisal ordered.

*Ordered accordingly.*